*Formatted for Electronic Distribution*                                                                                          *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:
    James A. Livingston,
        Debtor

Chapter 13 Case
# 09-11329

Filed & Entered
On Docket
October 21, 2011

James A. Livingston,
        Plaintiff,
    v.
Indy Mac Bank, FSB and
Federal National Mortgage Association
        Defendants.

Adversary Proceeding
# 10-1011

*Appearances*:  Rebecca A. Rice , Esq.                             Robert S. DiPalma, Esq.
                Rutland, VT 05701                                    Burlington, VT 05402
                Attorney for Plaintiff                               Attorney for Federal National
                                                                                         Mortgage Association

## MEMORANDUM OF DECISION
### ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        On March 9, 2010, James A. Livingston (the "Plaintiff") filed a two-count complaint seeking a declaration that (1) his interest in his residential real property was foreclosed in violation of the notice requirements found in 12 V.S.A. § 4532(e), and (2) the sale of his real property is avoidable as a preferential transfer under 11 U.S.C. § 547. On April 15, 2010, Federal National Mortgage Association ("Fannie Mae") filed an answer to the Plaintiff's complaint (doc. # 5). On June 28, 2011, Fannie Mae filed a motion for summary judgment (doc. # 22) (the "Motion"). On August 17, 2011, the Plaintiff filed an objection to the Motion (doc. # 28).

### ISSUES PRESENTED

        The motion for summary judgment presents three issues: First, does the Rooker-Feldman doctrine preclude this Court from adjudicating count 1 of the Plaintiff's complaint? Second, if the Rooker-Feldman doctrine does not have this preclusive effect, is the relief the Plaintiff seeks in count 1 barred by the principle of *res judicata*? Third, is Fannie Mae entitled to judgment as a matter of law on the preferential transfer cause of action articulated in count 2 of the complaint, based upon the undisputed material facts in the record?

1

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(F). The parties consented to this Court's jurisdiction in a stipulated scheduling order (doc. # 9).

## UNDISPUTED MATERIAL FACTS

Based upon the record before it, the Court finds the following facts to be material and undisputed with respect to the instant motion:

1. The Plaintiff owns property located at 1661 Route 100 North, in the Town of Ludlow, Vermont (the "Property"). Pl.'s Schedule A; Pl.'s Compl. ¶ 9; Pl.'s Statement of Disputed Material Facts (hereafter "PSDMF") ¶ 1 (doc. 28–2).

2. The Plaintiff and Elizabeth Livingston gave a note and mortgage to IndyMac Bank FSB ("IndyMac") in connection with a refinance of the mortgage debt secured by the Property. Def's Statement of Undisputed Material Facts (hereafter "DSUMF") ¶ 1 (doc. # 35–2); Pl's Compl. ¶ 9–10.

3. In April 2008, IndyMac commenced a foreclosure proceeding in Windsor Superior Court in the State of Vermont. DSUMF ¶ 1.

4. On August 11, 2008, the Windsor Superior Court entered a Judgment Order and Decree of Foreclosure and Order for Public Sale. DSUMF ¶ 2.

5. On February 18, 2009, the Windsor Superior Court entered a Certificate of Non-Redemption. DSUMF ¶ 4.

6. A foreclosure sale was held on September 2, 2009, and Fannie Mae was the high bidder at the auction. DSUMF ¶ 7.

7. On October 6, 2009, the Windsor Superior Court issued a Confirmation Order confirming the sale of Plaintiff's Property to the Defendant Fannie Mae for the purchase amount of $110,826.00, with further proceeds of the sale to be paid to IndyMac. DSUMF ¶ 8; Pl's Compl. ¶ 18.

8. On November 9, 2009, Plaintiff filed a petition for relief under chapter 13 of the United States Bankruptcy Code (the "Code").[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the

---

[1] All statutory citations refer to Title 11, United States Code (the "Bankruptcy Code"), unless otherwise indicated.

nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Id. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006). If the nonmoving party does not come forward with specific facts to establish an essential element of that party's claim on which it has the burden of proof at trial, the moving party is entitled to summary judgment. See Celotex Corp., 477 U.S. at 323–25 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case"); see also Tufariello v. Long Island R. Co., 458 F.3d 80, 85 (2d Cir. 2006).

Based upon the record presented, and for the reasons set forth below, the Court finds that there are no material facts in dispute with respect to count 1 and therefore, summary judgment is proper on count 1. As set out below, however, there are material facts in dispute with respect to count 2 which preclude entry of summary judgment on that cause of action.

## DISCUSSION

**A. The Rooker-Feldman doctrine bars this Court from granting the Plaintiff relief, and warrants the granting of summary judgment to the Defendant, under Count 1.**

In the complaint, the Plaintiff alleges that "*the Defendant*" (apparently IndyMac) commenced a foreclosure action against him (doc. # 1 ¶ 12). He concedes he was personally served with the complaint in that action (doc. # 1 ¶ 13). However, the Plaintiff claims he did not receive any additional notices relative to the foreclosure action, and in particular, he asserts he did not receive the notice of sale required by 12 V.S.A. § 4532(e) (doc. # 1 ¶ 14). Further, the Plaintiff alleges that the Defendant "did not obtain a correct address for Plaintiff," that the "notices which had been sent to Plaintiff were returned as undeliverable," and "Defendant had knowledge that the mailing address it had was undeliverable" (doc. # 1 ¶¶ 15, 16, and 22). The state court entered an order confirming sale on October 6, 2009. The Plaintiff discovered his property had been sold when a realtor visited the property later in October 2009 (doc. # 1 ¶ 21). The record contains no reference to any attempt by the Plaintiff to seek post-foreclosure judgment relief, or to seek to vacate the order confirming the sale, in state court.

The Plaintiff argues that the foreclosing creditor's failure to comply with the statutory notice requirements is "grounds for setting aside the Order Confirming the Sale." (doc. # 1 ¶ 24). As a result, "Debtor requests that the [bankruptcy]court enter judgment avoiding the Order Confirming Sale dated October 6, 2009, revesting title in Debtor and allowing the debt [sic] to cure the arrearage on his mortgage" (doc. # 1). The Plaintiff disputes Fannie Mae's argument that the Rooker-Feldman bars this Court from granting that relief.

"The Rooker-Feldman doctrine arises from two decisions issued by the United States Supreme Court, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), and stands for the proposition that 'lower federal courts possess no power whatever to sit in direct review of state court decisions.'" Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 163 (E.D.N.Y. 2010) (citations omitted). As the Swiatkowski Court noted, the Second Circuit has delineated four requirements for application of the Rooker-Feldman doctrine:

> (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.

Swiatkowski, 745 F.Supp.2d at 164 (citing Hoblock v. Albany Cty. Bd. Of Elecs., 422 F.3d 77, 85 (2d Cir. 2005). (internal citation and quotations omitted). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." Hoblock, 422 F.3d at 85. Generally speaking, state court losers in foreclosure proceedings may not challenge the judgment in federal court. See Wilson v. Deutsche Bank Nat'l Trust (In re Wilson), No. 10-2021-bk, 410 Fed. App'x 409, 410–11, 2011 WL 573476, at **1 (2d. Cir. Feb. 18, 2011); Murphy v. OCI Mortg. Corp., No. 01-9163, 38 Fed. App'x 86, 86–87, 2002 WL 1270890, at **1 (2d Cir. June 5, 2002); Feinstein v. Chase Manhattan Bank, No. 06 CV 1512 JFB ARL, 2006 WL 898076, at *2 (E.D.N.Y Apr. 5, 2006); In re Ward, 423 B.R. 22, 27–28 (Bankr. E.D.N.Y. 2010).

As to the two procedural requirements, the record reflects that, first, the Plaintiff "lost" in state court when the state court entered a judgment of foreclosure and sale on August, 11, 2008, and an order confirming sale on October 6, 2009; and second, that it was thereafter that the Plaintiff filed his petition for relief, under chapter 13 of the Bankruptcy Code, in federal court. This satisfies the two procedural requirements of the Rooker-Feldman doctrine.

The substantive requirements are likewise met in light of the orders entered in the state court and the Debtor's request that this Court void those orders. The Plaintiff argues, in this Court, that the foreclosing creditor sold property pursuant to the foreclosure judgment without complying with the state

4

statutory notice requirements. The Plaintiff seeks to have this Court determine that the Defendant failed to comply with the state statute, find the notice to be defective and then grant relief in the form of an order avoiding the foreclosure judgment, revesting title to the foreclosed property in the Plaintiff, and allowing the Plaintiff to cure any arrearages. This constitutes a request for a federal court to review and reject state court judgments, the third of the four Rooker-Feldman requirements.

Finally, there is the question of whether the plaintiff is before this Court complaining of injuries caused by a state court judgment. Here, the complaint focuses on the harm the Plaintiff has suffered as a result of the sale of his property, authorized and confirmed by the state court's entry of the judgment of foreclosure and the order confirming sale. This satisfies the fourth and final requirement of the doctrine that prohibits this Court from granting relief.

The Plaintiff has not pointed to any undisputed material facts or case law which would establish a basis for finding that any exceptions apply to enforcement of this doctrine in the instant case.[2] Therefore, Count 1 is barred by the Rooker-Feldman doctrine. Ward, 423 B.R. at 27–28; Macpherson v. State Street Bank & Trust Co., 452 F. Supp. 2d 133, 138–39 (E.D.N.Y. 2006), aff'd, 273 Fed. App'x. 61 (2d Cir. 2008); Feinstein, 2006 WL 898076, at *2.

Therefore, the Defendant is entitled to judgment as a matter of law on Count 1 of the complaint by application of the Rooker-Feldman doctrine.

**B. The principle of *res judicata* also bars this Court from granting the Plaintiff relief, and warrants the granting of summary judgment to the Defendant, under Count 1.**

*Res judicata* acts as a bar to subsequent litigation if "' (1) the previous action involved adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claim asserted in the subsequent action were, or could have been raised in the prior action." Macpherson, 452 F. Supp. 2d at 140.

Here, the first criterion is met, as the foreclosure proceeding resulted in a judgment on the merits, a decree of foreclosure, and an order confirming the sale. The second criterion is likewise met as this adversary proceeding involves the parties who were parties to the state court foreclosure proceeding.

As to the third and final criterion, whether the claim was or could have been raised in the prior action, the Court finds nothing in the record to establish that the Debtor could not have timely raised the allegations regarding the creditor's failure to provide him with the statutorily required notice of sale and

---

[2] See Ward, 423 B.R. at 29 ("[i]t has also been held that the Rooker-Feldman doctrine does not prevent the collateral attack on a state court judgment which is alleged to have been procured through fraud, if the claim now asserted is independent from the claim that the state court judgment was erroneous"); Macpherson v. State Street Bank & Trust Co., 452 F. Supp. 2d 133, 139–40 (E.D.N.Y. 2006), aff'd, 273 Fed. App'x. 61 (2d Cir. 2008) (finding that a claim which alleges fraud in the procurement of the judgment may survive the Rooker-Feldman bar).

5

to serve the Debtor at a "good" address – the two claims now before this Court – in the state court. It is undisputed that the Plaintiff was aware of the pendency of the foreclosure action, as he acknowledges he was personally served with the foreclosure complaint. (doc. #1 ¶ 13). Additionally, he admits he became "aware of the sale [when] a realtor visited the property in October 2009." (doc. # 1 ¶ 21). The order confirming the foreclosure sale entered that same month, on October 6, 2009 (DSUMF ¶ 18). The Plaintiff has not pointed to any undisputed fact nor presented any persuasive argument that he could not have brought these claims to the attention of the state court by motion or appeal.[3] Under these circumstances, the third criterion of the *res judicata* test is satisfied.

Having found that the Defendant has established all three criteria of the *res judicata* test, and there being no dispute as to any material fact related to Count 1, the Court finds that summary judgment is proper, and the Defendant is entitled to judgment as a matter of law on Count 1 of the complaint based upon this equitable principle.

**C. Disputed material facts require denial of summary judgment on Count 2.**

In count 2 of his complaint, the Plaintiff argues that at the time of the sale he owed $111,915.66 on the mortgage note underlying the foreclosure action, that the Town of Ludlow assessed the property at $168,200.00, and that based upon the Town of Ludlow's common level of assessment of 89.87%, the property had a fair market value of $187,159.00. On Schedule A of his bankruptcy petition, the Plaintiff listed the value of the property at $185,000.00.[4] On September 2, 2009, Fannie Mae purchased the property, at the auction held pursuant to the foreclosure judgment, for $110,826.00. Approximately 50 days later, the Plaintiff filed his petition for bankruptcy relief. Based upon these facts, the Plaintiff asserts that the sale is subject to avoidance as a preferential transfer under the Bankruptcy Code.

The pertinent statute provides that a trustee or a debtor-in-possession may avoid a transfer of the debtor in property:

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of the such transfer was an insider; and

---

[3] Though the case law is scarce, it appears a party may file a motion for relief from a confirmation order. See Rutland Savings Bank v. Pyle, 146 Vt. 189, 191–92, 499 A.2d 770, 771–72 (Vt. 1985) (denying a motion for relief from a confirmation order entered pursuant to 12 V.S.A. § 4533); see also Vt. R. Civ. P. 80.1(m), Permission to Appeal and Vt. R. App. P. 4(c), Reopening of Time to File an Appeal.

[4] In the Plaintiff's Schedule A he lists the value of the secured claim as $90,000.00, with the value of the Property listed at $185,000.00. In Schedule C, the Plaintiff claimed an exemption in the Property in the amount of $95,000.00.

  (5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The Defendant argues that "[w]hether or not the Plaintiff carries the day on the first four elements, the claim falls on the fifth." However, the Court finds that there are material facts in dispute with regard to at least two of the five elements and therefore summary judgment is not appropriate on count 2. Thus, the Court will not address the merits of the second cause of action at this time.

  The first material fact in dispute is whether Fannie Mae was a creditor of the Plaintiff or merely the purchaser of his property at the foreclosure sale. The Plaintiff's complaint is vague on this point. It complains of acts by a singular "defendant" during the course of the foreclosure, yet names two defendants, IndyMac and Fannie Mae. Further, the complaint refers to Fannie Mae as the purchaser of the property and claims Fannie Mae had an "interest in the mortgage that was foreclosed" without explaining the nature of that interest.[5] In Fannie Mae's answer, it admits that Plaintiff owed $111,915.66 at the time of the sale, yet denies that the amount was owed to Fannie Mae (doc. # 5 ¶ 25). Fannie Mae asserts that "[a]lthough IndyMac Bank, F.S.B. serviced the loan during the foreclosure proceedings, [Fannie Mae] has always been the investor on the loan. Accordingly, this [Motion] seeks summary judgment on all of Plaintiff's claims" (doc. # 22 fn 1). Finally, Fannie Mae asserts that the note and mortgage given to IndyMac were never assigned to Fannie Mae, nor did Fannie Mae have any rights to enforce the note, and, explicitly, that "[Fannie Mae] was not a creditor of the Plaintiff" (DSUMF, ¶¶ 9–10).

  The record does not aid in deciphering Fannie Mae's interest in the property. In his Schedule D, the Plaintiff lists the value of the secured claim held by OneWest Bank "in re foreclosure" as $91,852.00, yet lists the amount of the unsecured portion for the same amount. IndyMac and its counsel in the underlying foreclosure action are listed for "notice only." Fannie Mae is not listed on Schedule D. Both the Plaintiff's original confirmed plan (# 09-11329, doc. # 9) and his modified plan (# 09-11329, doc. # 47) show that the Plaintiff is paying arrearages to OneWest through the chapter 13 plan, and also making direct payments mortgage payments. IndyMac, using a mailing address c/o OneWest Bank, filed a motion for relief from stay (# 09-11329, doc. # 14) alleging both that Fannie Mae purchased the property at foreclosure sale and that movant (IndyMac) is the owner of the property entitled to pursue applicable states rights as to the property, including eviction (# 09-11329, doc. # 14, ¶¶ 3, 8). Finally, neither Fannie Mae, OneWest Bank, nor IndyMac filed a proof of claim identifying itself as the holder of, or specifying the amount of, the mortgage claim. Whether Fannie Mae is a creditor is material and in dispute.

---

[5] IndyMac has an appearance, but no answer on file. They filed motion for relief from stay in the main case (# 09-11329, doc. # 14).

Additionally, there is a factual dispute with respect to the fifth element of the preference statute: whether the transfer enabled Fannie Mae to receive more than it would have received in a hypothetical chapter 7 liquidation. The parties do not agree on the value of the property at the time of sale, nor does the record set forth a figure that the parties agree represents what Fannie Mae would have received in a chapter 7 distribution if it had not taken the property through foreclosure sale.

Since these two material facts are in dispute summary judgment must be denied.

### CONCLUSION

For the foregoing reasons, the Court finds that both the Rooker-Feldman doctrine and the principle of *res judicata* bar this Court from granting the Plaintiff the relief requested in count 1 of the complaint, and warrant granting the Defendant judgment on count 1. With respect to count 2, the presence of disputed material facts require the denial of summary judgment. Accordingly, the Court grants the Defendant's motion for summary judgment on Count 1 of the complaint and denies the Defendant's motion for summary judgment on count 2 of the complaint.

This constitutes this Court's findings of fact and conclusions of law.

October 20, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge